UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS MERARY PERALTA SEVILLA,

Petitioner,

v. Case No. 2:26-cv-01612-KCD-KRH

TODD BLANCHE, UNITES STATES ATTORNEY GENERAL, IN HIS OFFICIAL CAPACITY; MARKWAYNE MULLIN, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IN HIS OFFICIAL CAPACITY; TODD LYONS, ACTING DIRECTOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY; JUAN AGUDELO, ACTING MIAMI FIELD OFFICE DIRECTOR, IN HIS OFFICIAL CAPACITY; AND WARDEN OF FLORIDA SOFT SIDE SOUTH, IN THEIR OFFICIAL CAPACITY;

Respondents,
_______________________________/

**ORDER**

Petitioner Luis Merary Peralta Sevilla is a Honduran citizen who entered the United States in 2013. He was apprehended by border patrol and

processed for expedited removal. (Doc. 11 at 2.)[1] After Sevilla expressed a fear of torture, which an asylum officer found credible, he was released and issued a notice to appear. (*Id.*) On April 4, 2026, Sevilla was arrested for "criminal and immigration violations" and he was returned to immigration custody. (*Id.* at 3.) He has now filed a habeas corpus petition challenging his continued immigration detention. (Doc. 1.)

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The Government first argues that this Court lacks jurisdiction to consider the habeas petition under 8 U.S.C. § 1252(g). (Doc. 11 at 4.) But §

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1252(g) forecloses judicial review of just three discrete actions by the Attorney General, and challenging the procedural mechanics of detention is not one of them. "The Court is satisfied it has jurisdiction over [Sevilla's] claims." *Azimi v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-CV-928-MMH-PDB, 2026 WL 1543228, at *2 (M.D. Fla. June 2, 2026).

The Government tries to justify Sevilla's detention under § 1225(b)(1)(B)(ii), claiming he is an arriving alien subject to expedited removal. "This section," it argues, "does not simply authorize [Sevilla's] detention; it mandates that [he] be detained while his asylum petition is pending." (Doc. 11 at 6.) But the Government's own "actions took [Sevilla] out of the § 1225 context." *Lora-Osorio v. Facility Adm'r, Flagler Cnty. Jail*, No. 3:26-CV-1020-MMH-PDB, 2026 WL 1473878, at *2 (M.D. Fla. May 27, 2026).

Section 1225(b)(1) establishes expedited removal proceedings, and a noncitizen must either be "arriving" or be "described in clause (iii)" for it to apply. *Alfonso v. Current Warden, Miramar ICE Field Off.*, 831 F. Supp. 3d 1251, 1258 (S.D. Fla. 2026) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). Sevilla is neither an "arriving" alien nor meets the description of § 1225(b)(1)(A)(iii), which requires, among other things, that the petitioner have been present in the United States for less than two continuous years. 8 U.S.C. § 1225(b)(1)(A)(iii). Because Sevilla "was both paroled and continuously present

in the United States for more than two years when detained[,] his detention under [§] 1225(b)(1) is unlawful." *Alfonso*, 831 F. Supp. 3d at 1259.

Sevilla requests his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Sevilla is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Sevilla with the statutory process required under § 1226(a), which includes a bond hearing. *Id.* And the Government must bear the burden of proof at the hearing to pass constitutional muster. *See Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026).

Finally, the Court rejects Sevilla's Fourth Amendment claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No.

7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

For these reasons, Sevilla's habeas petition (Doc. 1) is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Sevilla for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 12, 2026.

Kyle C. Dudek
United States District Judge